**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-56

UNITED STATES TAX COURT

TONY RAY DUNCAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16709-13S.                    Filed June 19, 2014.

Tony Ray Duncan, pro se.

<u>Kimberly T. Packer</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2011 of $5,055 and an accuracy-related penalty of $1,010.  After deemed concessions by petitioner and a concession by respondent,[2] the issues for decision are as follows:

(1) Whether petitioner is entitled to a personal exemption deduction for his former spouse. We hold that he is not;

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code (Code) in effect for 2011, the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner did not assign any error or allege any facts in the petition regarding respondent's determination that he received unreported unemployment compensation of $2,061 and unreported wages of $236 in 2011.  Similarly, petitioner did not address those income adjustments at trial.  Accordingly, petitioner is deemed to have conceded them.  See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); see also McNeil v. Commissioner, T.C. Memo. 2011-150, 2011 WL 2559802, at *1 n.3 (issues not raised on brief or at trial are deemed conceded), aff'd per curiam, 451 Fed. Appx. 622 (8th Cir. 2012).

Respondent acknowledges that in computing the accuracy-related penalty, the notice of deficiency did not take into account the Court's Opinion in Rand v. Commissioner, 141 T.C. __ (Nov. 18, 2013), such that the amount of the penalty was overstated.

(2) whether petitioner is entitled to dependency exemption deductions for his two minor stepchildren. We hold that he is;

(3) whether petitioner is entitled to joint filing status for 2011. We hold that he is not; rather, petitioner is entitled to head of household filing status; and

(4) whether petitioner is liable for the accuracy-related penalty under section 6662(a). We hold that he is to the extent provided herein.

Other adjustments in the notice of deficiency, including petitioner's entitlement to the earned income credit and the additional child tax credit, are either derivative or computational in nature and will be resolved on the basis of the Court's disposition of the disputed issues.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the stipulated facts and the related exhibits.

Petitioner resided in the State of Oregon at the time that the petition was filed.

Petitioner married Candice Lee Arbogast in 2008. Ms. Arbogast had two children, B.E. and H.A., from previous relationships.[3] B.E. was born in 2006, and H.A. was born in 2007 and thus turned 5 and 4 years of age, respectively, in 2011.

Petitioner, Ms. Arbogast, and the two children lived together as a family from when they married in 2008 through early November 2011, at which time petitioner and Ms. Arbogast separated, and petitioner moved out of the marital home. B.E. and H.A. remained with their mother.

On November 15, 2011, petitioner and Ms. Arbogast were divorced in an uncontested action.[4]

During the time that the family was together, petitioner was employed and provided most of the support for the family and household. Ms. Arbogast was employed only part time for a few weeks at a local Wal-Mart in 2011. Her wages were insufficient to require the filing of a return for 2011.

In July 2011 Ms. Arbogast received an inheritance from her mother, which was used to pay off the couple's mortgage in August or September 2011. Ms.

---

[3] For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3).

[4] The divorce decree was silent regarding both legal and physical custody of B.E. and H.A. as there was no dispute about the matter between petitioner and Ms. Arbogast. Nevertheless, the record is clear that petitioner had affectionate relationships with his stepchildren.

Arbogast did not otherwise use her inheritance to provide any appreciable support for her children or the household during the portion of 2011 that she and petitioner lived together.

Petitioner self-prepared and timely filed a Form 1040A, U.S. Individual Income Tax Return, for 2011. On it petitioner elected joint filing status and claimed deductions for (1) a personal exemption for Ms. Arbogast and (2) dependency exemptions for B.E. and H.A.

After examination respondent issued a notice of deficiency. As relevant herein, respondent adjusted petitioner's filing status and disallowed both the personal exemption deduction for Ms. Arbogast and the dependency exemption deductions for petitioner's two stepchildren.[5] Respondent also imposed an accuracy-related penalty, predicating his determination on, inter alia, negligence or disregard of rules or regulations.

Petitioner timely filed a petition for redetermination of the deficiency and penalty.

---

[5] The notice of deficiency is no model of clarity insofar as filing status is concerned. Thus, Form 4549, Income Tax Examination Changes, suggests that petitioner's appropriate filing status is "single", whereas Form 886-A, Explanation Of Items, suggests that it is "married filing separately". Given the fact that for 2011 the amount of the standard deduction, $5,800, and the tax at petitioner's income level were the same for both "single" and "married filing separately" filing status, the inconsistency in the statutory notice is moot.

## Discussion[6]

## I. Exemption Deduction for Ms. Arbogast

Personal exemptions are allowed for a taxpayer and the taxpayer's spouse if a joint return is not filed by the taxpayer and his spouse and if the spouse has no gross income for the taxable year and cannot be considered as the dependent of another taxpayer. Sec. 151(b). However, the determination of whether an individual is married, and therefore has a spouse, is made at the close of the taxable year, in this case December 31, 2011. Sec. 7703(a)(1). In addition, an individual legally separated from his spouse under a decree of divorce shall not be considered married. Sec. 7703(a)(2).

In the instant case Ms. Arbogast was not petitioner's spouse at the close of the taxable year because their divorce was finalized on November 15, 2011. But even if this were not so, Ms. Arbogast received gross income in 2011 from wages, albeit modest in amount, from her employment at Wal-Mart. See sec. 1.151-1(b), Income Tax Regs. (providing in relevant part that "a husband is not entitled to an exemption for his wife on his separate return for the taxable year beginning in a calendar year during which she has any gross income (though insufficient to require her to file a return)."). Accordingly, as a matter of law, petitioner is not

---

[6] We decide the issues in this case without regard to the burden of proof.

entitled to a personal exemption deduction for Ms. Arbogast. We therefore sustain respondent's determination on this issue.[7]

## II. Dependency Exemption Deductions for Petitioner's Stepchildren

In general a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(a), (c). Section 152(a) defines the term "dependent" to include "a qualifying child".

Generally, to be considered a "qualifying child", the individual must: (1) Bear a specified relationship to the taxpayer, including stepchild; (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet certain age requirements; and (4) not have provided over one-half of such individual's support for the taxable year in issue. Sec. 152(c)(1) and (2), (f)(1)(A)(i).

At trial respondent conceded that petitioner satisfied all of the foregoing requirements except for the relationship test. However, section 1.152-2(d),

---

[7] We acknowledge that petitioner supported Ms. Arbogast for the majority of the year. However, from a dependency exemption perspective under sec. 152, an individual who is married to a taxpayer for any part of a taxable year does not qualify under sec. 152(d)(2)(H) as a "qualifying relative" of the taxpayer. Thus, notwithstanding the support that petitioner provided, he may not, as a matter of law, claim Ms. Arbogast as a dependent.

Income Tax Regs., provides that "[t]he relationship of affinity once existing will not terminate by divorce or death of a spouse." See Brown v. Commissioner, T.C. Memo. 1992-548, 1992 WL 224518, n.2 at *2, aff'd without published opinion, 7 F.3d 1042 (8th Cir. 1993). Therefore, petitioner's divorce did not terminate his stepparent-stepchild relationships with B.E. and H.A. Accordingly, they are petitioner's stepchildren, thus satisfying the relationship test. We therefore hold that B.E. and H.A. are petitioner's qualifying children for purposes of the dependency exemption deductions for 2011. See sec. 152(c)(1), (4)(C), (f)(1)(A)(i).

III. Filing Status

On his 2011 return petitioner claimed joint filing status, presumably because he was married for most of the year. But that is not the test. Rather, as previously discussed, the determination of whether an individual is married is made at the close of the taxable year. Sec. 7703(a)(1). And, on December 31, 2011, the record is clear that petitioner was unmarried, his divorce having been finalized on November 15, 2011. See sec. 7703(a)(2). Accordingly, petitioner is not entitled to joint filing status. Instead, as an unmarried taxpayer and on the record before us, petitioner qualifies for head of household filing status for 2011.

As relevant herein, section 2(b)(1) defines a "head of household" as an individual who is not married at the close of the taxable year and who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of a qualifying child. See sec. 2(b)(2)(A) (providing that "an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married").

We have already held that B.E. and H.A. were qualifying children of petitioner in 2011, and we have previously found that during the time that the family was together, which was more than one-half of the year, petitioner furnished most of the support for the family and the household. Although Ms. Arbogast did receive an inheritance from her mother that was used to pay off the mortgage on the marital home in August or September 2011, her one-time capital outlay does not eclipse the value of the household that petitioner provided for the majority of the year.[8] See sec. 2(b)(1) (flush language).

---

[8] At trial respondent conceded that B.E. and H.A. received more than half of their support for the calendar year from petitioner. Such concession may be tantamount to a concession that petitioner furnished over half of the cost of maintaining the household during the portion of the calendar year that the family lived together. In any event, the record supports that fact, which we have so found.

IV. <u>Accuracy-Related Penalty</u>

As relevant, section 6662(a) and (b)(1) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence or disregard of rules or regulations. "Negligence" includes any failure to make a reasonable attempt to comply with the Code. <u>See</u> sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability and the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the taxpayer's effort to assess his proper tax liability. <u>Id.</u>

The Commissioner has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To satisfy that burden, the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Respondent has satisfied his burden (1) through petitioner's concessions regarding

unreported income and (2) by demonstrating that petitioner claimed, contrary to law, (a) an exemption for Ms. Arbogast and (b) joint filing status.  Accordingly, because respondent has satisfied his burden of production, petitioner must provide persuasive evidence that he acted with reasonable cause and in good faith.  See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

Petitioner may very well have acted in good faith, but he has not made any persuasive argument that he acted with reasonable cause as to either his unreported income or any of the issues for which we have sustained respondent's determination.  Accordingly, we sustain the accuracy-related penalty to that extent.

## Conclusion

To give effect to our disposition of the disputed issues, as well as the parties' concessions, see supra note 2,

Decision will be entered under

Rule 155.